PEOPLE ex rel. TOOHEY v. WEBB et al.

(Supreme Court, General Term, Second Department. December 12, 1892.)

1. CERTIORARI—RETURN—SUFFICIENCY.

An order refusing to send back a return made to a certiorari should be affirmed where it appears from the writ and the return that there is no merit in the application.

2. SAME—BY BOARD OF SUPERVISORS.

Where a writ of certiorari, directed to the board of supervisors of a county, is served on the chairman of the board, which service is recognized by it as good, a return authorized by a majority of the board, signed by the chairman and clerk, and properly filed in the county clerk's office, is good, though not signed by a majority of the members of the board.

3. SAME—SURPLUSAGE.

Where the return contains matter not material and not injurious to the relator, it is not necessary to send it back for correction, since the court, on the hearing, can strike it out as surplusage.

4. CLAIMS AGAINST COUNTY—POWERS OF SUPERVISORS.

The board of supervisors has the right, in the absence of a law fixing the same, to fix the amount to be allowed for services rendered, where the creditor fails to present the proof of his claim as required by 1 Birdseye's St. p. 731, providing that, where there is no compensation fixed by law, the accounts for services shall state the time devoted to the services, and that they were necessarily rendered.

5. SAME—REHEARING.
     In such case, if the creditor is dissatisfied with the amount allowed, he
should apply for a rehearing, instead of writ of certiorari.

Appeal from special term, Orange county.

Certiorari by the people, on the relation of William A. Toohey and another, against Stephen I. Webb and others, constituting the board of supervisors of the county of Orange, commanding them to certify and return certain proceedings had before them. From an order made at special term, denying relators' motion for further and more specific return, they appeal, both parties submitting the certiorari and return to be decided on the merits. Order affirmed. Writ dismissed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Strahan & McClung, (Wm. D. Dickey, of counsel,) for appellants.
John M. Gardner, for respondents.

PRATT, J.   This is an appeal from an order refusing to send back a return made by the board of supervisors of Orange county to a certiorari sued out by the relator. The writ and return are also submitted for adjudication. There is enough in the return to show that there is no merit in the application, and that the order refusing to send it back was right, and should be affirmed. The writ was served upon the chairman of the board, and such service was good, and was so recognized by the respondents, and return made thereto. The fact that it was not signed by a majority of the members of the board is not material, as the return as made was authorized by said majority, and signed by the chairman and clerk, and properly filed in the county clerk's office. If the return contained some matters not material, it was not essential that it should have been sent back, but the same could have been treated as surplusage, and the court could have struck it out upon the hearing. As it in no way affected the merits, the relator was not injured by its presence in the return. The action must therefore be affirmed, with $10 costs and disbursements.

The parties have also submitted the certiorari and returns to be decided upon the merits. Upon this matter it is sufficient to state that, upon the evidence before the board of supervisors, they had a right to fix the amounts to be allowed at the sums they did fix them, as the relator failed to present to the board the proper statutory proof of the amount due him. The statute provides—

"That where there is no compensation fixed by law, the accounts for services shall particularly state the time devoted to the performance of the services for which the charge is made, and that they were necessarily rendered." 1 Birdseye's St. p. 731.

This requirement the relator failed to perform, and the board could either reject the bill altogether or allow what they considered a fair compensation. If the relator was dissatisfied, he could have applied for and had a rehearing. People v. Supervisors, 65 N. Y. 222. This fact furnishes an additional reason why the relator should not have sought to review the action of the board by certiorari.

Writ dismissed, with $10 costs. All concur.